CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
December 11, 2025
Laura A. Austin, Clerk
BY: /s/ K. Lokey
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA

v.

DONALD RAY RIESGRAF

Case No. 5:25cr25

## STATEMENT OF FACTS

The United States and the Defendant, Donald Ray Riesgraf ("Riesgraf"), agree and stipulate that the following is true. This Statement of Facts briefly summarizes the facts and circumstances surrounding the defendant's criminal conduct. It does not necessarily contain all of the information obtained during this investigation and applicable to an accurate Presentence Report and Sentencing Guidelines calculation. This Statement of Facts is not protected by proffer agreement or any other agreement, and shall be wholly admissible at trial notwithstanding any Rules or statutes to the contrary, including but not limited to, Federal Rules of Evidence 408 and 410, and Federal Rule of Criminal Procedure 11.

### Background

1. Company A is a recycling business based in Clarke County Virginia, which is located in the Western District of Virginia. Company A provides recycling services for the United States Government, among other government entities. Sometime in or about 2020, Riesgraf began working for Company A as an independent contractor. In that role, Riesgraf identified and sold property or equipment that Company A had acquired from its customers to third parties. Riesgraf was paid a commission for the sales that he facilitated on behalf of Company A.

2. Sometime in 2022, Company A began receiving used body armor and other military-grade equipment from a third-party contractor (Company B). The equipment was the property of the United States. The United States Government Services Administration had contracted with Company B to destroy the equipment. Company B subcontracted the destruction of the body armor and other military grade equipment to Company A.

### Riesgraf Coordinates Sale of Body Armor

3. The owner of Company A (Co-Conspirator 1) attempted to destroy the body armor as required but was unable to do so because Company A lacked the necessary equipment to efficiently and properly destroy the equipment.

4. In or about September 2022, Riesgraf contacted a purchaser who he had sold materials to in the past (Subject 1) and inquired about the sale of the body armor and other military grade equipment. At Riesgraf's invitation, Subject 1 visited Company A and inspected the body armor and military grade equipment.

5. Riesgraf knew that the body armor and other military grade equipment was the property of the United States and was not available for sale to the public.

6. Riesgraf attempted to sell the body armor and other military grade equipment to Subject 1 but Co-Conspirator 1 did not allow the sale to proceed. Co-Conspirator 1 informed Riesgraf that the body armor and other military grade equipment could not be sold because it was the property of the United States and was supposed to be destroyed.

7. In or about January 2023, Riesgraf coordinated the sale of the body armor and other military grade equipment to Subject 1. This time, Co-Conspirator 1 allowed the sale to proceed. Riesgraf and Co-Conspirator 1 entered into a conspiracy to convert for their use or gain property of the United States, knowing that it was property of the United States which exceeded $1,000 in

value. Riesgraf acted knowingly and willfully. Neither Riesgraf nor Co-Conspirator 1 disclosed to Subject 1 that the equipment belonged to the United States or that Company A was supposed to destroy the equipment.

8. Riesgraf proposed the terms of the sale to Subject 1 and Co-Conspirator 1: (a) $120,000 check payment to Company A, and (b) $30,000 cash payment to Company A. Riesgraf instructed Subject 1 to remove or destroy the serial numbers on each piece of equipment. Riesgraf assisted in loading the body armor and other military grade equipment into tractor trailers before it was delivered to Subject 1 in Texas.

9. Riesgraf drove from Virginia to Texas to pick up the $120,000 check and the $30,000 in cash. He returned to Company A and provided the check and the cash to Co-Conspirator 1. Riesgraf received $14,000 from the cash portion of the payment as a commission for facilitating the sale.

10. Subject 1 re-sold the equipment that he had acquired from Riesgraf for more than $850,000 to re-sellers who intended to sell the equipment at retail rates.

11. Sometime after Subject 1 sold part of the equipment he had acquired from Riesgraf, a buyer notified Subject 1 that the equipment was property of the United States Government and was not for public sale. Subject 1 contacted Co-Conspirator 1 and requested to unwind the sale. Co-Conspirator 1 sent a $120,000 wire to Subject 1. Neither Riesgraf nor Co-Conspirator 1 returned their respective portions of the $30,000 cash payment.

**Additional Matters**

I, DONALD RAY RIESGRAF, have reviewed the above Statement of Facts with my attorney and believe the facts are true and correct. I agree that had this matter proceeded to trial, the United States would have proved the facts outlined above beyond a reasonable doubt.

10/28/2025
Date

_____
DONALD RAY RIESGRAF
Defendant

10/29/2025
Date

_____
Jonathan L. Silvester
Counsel for Defendant

Had this matter proceeded to trial, the United States would have proved the facts outlined above beyond a reasonable doubt. The government reserves the right to present additional evidence at the time of sentencing regarding relevant conduct of the defendant.

_____
VITO A. IAIA (IL Bar No. 6327072)
Assistant United States Attorney
255 West Main Street, Room 130
Charlottesville, Virginia 22902